IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO NATIONAL LEAGUE BALL CLUB, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WRIGLEY ROOFTOPS III, L.L.C., d/b/a ) <br> Wrigley Field Rooftop Club; WRIGLEY ) <br> ROOFTOPS IV, L.L.C., d/b/a Sheffield ) <br> Baseball Club; and THOMAS GRAMATIS, ) <br> ) <br> Defendants. ) | Case No. 08 C 968 <br><br> Judge Samuel Der-Yeghiayan <br><br> Magistrate Judge Susan E. Cox |

**DEFENDANTS' MOTION TO DISMISS COUNT II**
**OF FIRST AMENDED COMPLAINT**

Defendants, Wrigley Rooftops III, L.L.C., d/b/a Wrigley Field Rooftop Club ("WFRC"); Wrigley Rooftops IV, L.L.C., d/b/a Sheffield Baseball Club ("SBC"); and Thomas Gramatis ("Gramatis") (collectively, the "Defendants"), by their attorneys Kenneth K. Dort, George R. Spatz and Jeremiah J. Posedel of McGuireWoods LLP, hereby submit their Motion To Dismiss Count II of the First Amended Complaint Pursuant to Fed. R. Civ. Pro. 12(b)(1) as follows:

**INTRODUCTION**

1.  In Count II of its First Amended Complaint (the "FAC"), Plaintiff Chicago National League Ball Club, LLC (the "Club") has failed to satisfy an essential prerequisite for filing a copyright infringement action under federal law, namely copyright registration. For this reason, the Defendants respectfully request that this Court dismiss Count II of the FAC in its entirety for failing to establish subject matter jurisdiction over this claim.

## ARGUMENT

## BECAUSE THE CLUB HAS FAILED TO OBTAIN COPYRIGHT REGISTRATIONS FOR THE ALLEGED WORKS IN QUESTION, THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER COUNT II OF THE FAC, REQUIRING THE DISMISSAL OF THAT CLAIM.

2. At its core, the Club's claim in Count II alleges that the Defendants violated federal copyright law when they allegedly showed certain telecasts of Cubs games in the WFRC and SBC facilities (FAC at ¶38). The exact nature of this copyright claim is not clear from the face of the FAC – other than conclusory allegations of ownership without any supporting facts (FAC at ¶¶16, 35 and 37).

3. In any event, regardless of the exact basis of the claim, a search of the United States Copyright Office's records, available at www.copyright.gov, reveals that the Club does not own any federal copyright registrations for the telecasts as alleged in Count II of the FAC (*see* FAC at ¶36).[1] Indeed, the Club admits as much in Paragraph 36 of the FAC where it alleges merely that:

> "Plaintiff has submitted an application to the Register of Copyrights for a Certificate of Registration, along with the mandatory deposits and fees required for such registration, for the copyrighted telecasts of its home games played on the following dates in 2007: September 10, September 19, September 22 and September 23."

Significant by its omission is the absence of any allegation in the FAC that the Club *actually has* a registration for the listed telecasts. It does not because, as noted above, no such registration exists or has been approved by the Copyright Office.

---

[1] Pursuant to Federal Rule of Evidence 201, the Defendants request that the Court take judicial notice of the records available on the Copyright Office's website. Pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of a fact that is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." This principle has been applied to governmental records contained on publicly accessible websites. *See Laborers' Pension Fund v. Blackmore Sewer Constr., Inc.,* 298 F.3d 600, 607 (7th Cir. 2002).

4. Copyright registration is a prerequisite to a copyright action under federal law and to the subject matter jurisdiction of the federal courts. Federal courts have original and exclusive jurisdiction over copyright actions. 28 U.S.C. § 1338(a). But registration is a necessary precondition to such jurisdiction. *See Stanislawski v. Jordan,* 337 F. Supp. 2d 1103, 1110 (E.D. Wis. 2004) ("Failure to register a copyright or to have an application refused divests a court of subject matter jurisdiction").

5. Section 411 of the Copyright Act provides that "no action for infringement of the copyright in any United States work *shall be instituted* until preregistration or registration of the copyright claim has been made in accordance with this title." *See* 17 U.S.C. §411 (emphasis added). As a result of Section 411's plain (and mandatory) language, "[r]egistration is a condition to copyright infringement litigation." *Brooks-Ngwenya v. Thompson,* 202 Fed. Appx. 125, 126 (7th Cir. 2006); *see also, Automation By Design v. Raybestos Prods. Co.,* 463 F.3d 749, 752 n.1 (7th Cir. 2006) ("Registration is not a condition of copyright protection, but is necessary before an infringement suit may be filed in court"); *accord, Pickett v. Prince,* 207 F.3d 402, 404 (7th Cir. 2000). A suit that is premature because a condition to litigation remains unsatisfied must be dismissed. *See, e.g., Ford v. Johnson,* 362 F.3d 395 (7th Cir. 2004). Moreover, failure to understand the necessity of obtaining a copyright registration does not excuse a failure to register. *Brooks-Ngwenya,* 202 Fed. Appx. at 126-27 ("The statute makes registration or preregistration necessary. That's all there is to it") (emphasis added).

6. "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *State of Wisconsin v. Ho-Chunk Nation,* 463 F.3d 655 (7th Cir. 2006) (*quoting Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987)). Because it is clear from the face of the Club's claim in Count II that a condition to litigation --

3

*i.e.*, copyright registration -- has not been satisfied, the Defendants respectfully request that Count II of the FAC be dismissed in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(1) for want of subject matter jurisdiction.

## CONCLUSION

This Court lacks subject matter jurisdiction to hear the Club's copyright infringement claim in Count II of the FAC. Accordingly, Defendants Wrigley Rooftops III, L.L.C., d/b/a Wrigley Field Rooftop Club; Wrigley Rooftops IV, L.L.C., d/b/a Sheffield Baseball Club; and Thomas Gramatis respectfully request that Count II of the FAC be dismissed in its entirety as to each of them.

Dated: March 31, 2008

Respectfully submitted,

WRIGLEY ROOFTOPS III, L.L.C. d/b/a
WRIGLEY FIELD ROOFTOP CLUB;
WRIGLEY ROOFTOPS IV, L.L.C. d/b/a
SHEFFIELD BASEBALL CLUB; and
THOMAS GRAMATIS

By: /s/ Kenneth K. Dort_____
One of Their Attorneys

Kenneth K. Dort (ARDC No. 6193880)
George R. Spatz (ARDC No. 6237555)
Jeremiah J. Posedel (ARDC No. 6291892)
**MCGUIREWOODS LLP**
77 West Wacker Drive
Suite 4100
Chicago, Illinois 60601-1818
T: (312) 849-8100
F: (312) 698-4574

\5242034.1